IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM JOE GRAVES, #33646-177, )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | | 3:08-CV-1290-L<br>(3:05-CR-082-L) |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner is presently confined within the Bureau of Prisons at FCI Victorville in Adelanto, California. The court issued process in this case.

Statement of the Case: On October 31, 2005, Petitioner pled guilty, without the benefit of a plea agreement, to a single count indictment, which charged him with conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. *United States v. Graves*, No. 3:05cr082-L (N.D. Tex.). Punishment was assessed at 216 months' imprisonment on February 13, 2006. *Id.* The Fifth Circuit dismissed Petitioner's

direct appeal as frivolous in light of counsel's *Anders* brief.[1] *United States v. Graves*, 251 Fed. Appx. 945 (5th Cir. 2007).

In this timely § 2255 motion, Petitioner alleges ineffective assistance of counsel at sentencing and on direct appeal.

In response to the court's order to show cause, the government filed a response, and Petitioner filed a reply.

Findings and Conclusions: Petitioner alleges three claims of ineffective assistance of counsel at sentencing, and one ground of ineffective assistance of counsel on direct appeal. With respect to the latter, he argues that counsel's decision to file an *Anders* brief, instead of arguing the sentencing issues in a merits brief, denied him the opportunity to challenge his harsh sentence on direct appeal.

A petitioner, seeking habeas corpus relief on the ground of ineffective assistance of counsel, must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S. Ct. 2052, 2064-68 (1984). The court need not address both components of the *Strickland* test if the defendant makes an insufficient showing on one. *Id.* at 697, 104 S. Ct. at 2069.

When a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first prong of the *Strickland* test by showing that a reasonably competent attorney would have found nonfrivolous issues warranting a merits brief. *Smith v. Robbins*, 528

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

U.S. 259, 285, 120 S.Ct. 746, 764-65 (2000).

In his first ground, Graves claims that his attorney failed to investigate his prior Texas state conviction for the delivery of a controlled substance, specifically cocaine. This prior conviction was listed in the PreSentence Report (PSR) at ¶ 44. The PSR further categorized the delivery conviction as a "controlled substance offense" for purposes of enhancing Graves' sentence under the career offender provisions of USSG § 4B1.1. *See* PSR ¶ 36.

Whether the delivery conviction constitutes a "controlled substance offense" is pertinent to whether Graves was properly classified as a career offender. USSG § 4B1.1(a) requires that a defendant have at least "two prior felony convictions of either a crime of violence or a controlled substance offense." The term "controlled substance offense" is defined in USSG § 4B1.2(b). *See* 4B1.1, comment. (n.1).

In attacking his attorney's representation with respect to the career offender determination, Graves relies on the Fifth Circuit's decision in *United States v. Gonzales*, 484 F.3d 712, 714-16 (5th Cir.), *cert. denied*, ___ U.S. ___, 127 S. Ct. 3031 (2007). *Gonzales* held that a prior Texas state conviction for unlawful delivery of a controlled substance under Texas Health and Safety Code § 481.112(a) was not a "drug trafficking offense" for purposes of enhancing a sentence under USSG § 2L1.2(b)(1)(A)(i) because both the indictment and jury instructions permitted the jury to convict defendant for merely *offering to sell* a controlled substance. The Court concluded that the statutory definition of delivery of a controlled substance under § 481.112(a) did not fall within the Sentencing Guidelines' definition of "drug

3

trafficking offense," which did not encompass an offer to sell a controlled substance.[2]

More recently in *United States v. Price*, 516 F.3d 285, 287-88 (5th Cir. 2008), the Fifth Circuit held that a prior conviction for "delivery," under the same Texas statute, does not constitute a "controlled substance offense" for sentencing purposes under USSG 2K2.1(a)(2), which utilizes the same definition as in §4B1.2(b)). In *Price* as in *Gonzales*, the indictment "allowed for conviction for *offering to sell a controlled substance.*" *Id.* at 288. Moreover, the judgment which followed Price's guilty plea did not specify the manner in which Price delivered the cocaine." *Id.*

A "drug trafficking offense" under 2L1.2(b)(1)(A)(i) of the Guidelines, as discussed in *Gonzales*, has nearly the same definition as a controlled substance offense under § 4B1.2(b), at issue in this case. *See Price*, 516 F.3d at 287-88; *United States v. Ford*, 509 F.3d 714, 716 (5th Cir. 2007).[3] However, *Gonzales* was decided more than one year after Graves was sentenced in this court. Prior to the *Gonzales* decision, the Fifth Circuit had never held that a Texas conviction for delivery of a controlled substance was not a "controlled substance offense" within the purview of § 4B1.1.

Generally, counsel is not ineffective for failing to anticipate future changes in the law; counsel is not required to be clairvoyant. *See United States v. Cooks,* 461 F.2d 530, 532(5th Cir. 1972); *see also Lucas v. Johnson,* 132 F.3d 1069, 1078-1079 (5th Cir. 1998); *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997); *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. 1981).

---

[2] Graves contends that his prior Texas delivery conviction was under the same Texas statute as in *Gonzales*.

[3] The only distinction between 4B1.2(b) and 2L1.2(b)(1)(A)(i) is that the former requires the offense to be "punishable by imprisonment for a term exceeding one year."

4

Rather, an attorney's performance is based upon the law as it existed at the time of the representation. *See Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S. Ct. 838, 843-44 (1993); *Nelson*, 642 F.2d at 908. Since counsel did not have the benefit of the *Gonzales* opinion, Petitioner cannot show that his attorney's representation was constitutionally deficient in failing to argue at sentencing that his 1999 delivery conviction was not a "controlled substance offense" under the Sentencing Guidelines. Movant's first claim of ineffective assistance of counsel at sentencing therefore fails.

The same applies to Petitioner's assertion that appellate counsel rendered ineffective assistance when he filed an *Anders* brief, instead of urging on appeal that his delivery conviction was not a "controlled substance offense." Petitioner cannot show that a reasonable competent attorney would have found that this ground presented a nonfrivolous issue warranting a merits brief. *See Smith v. Robbins*, 528 U.S. at 285, 120 S.Ct. at 764-65. The Fifth Circuit decided *Gonzales* more than six months *after* appellate counsel filed the *Anders* brief in Graves' appeal. As noted above, counsel is not required to be clairvoyant. Therefore, relief on the basis of ineffective assistance of appellate counsel is unavailable.[4]

---

[4] In its response to the § 2255 motion, the government appears to concede that had appellate counsel raised this issue on direct appeal, Petitioner's sentence would likely have been vacated and remanded in light of *Gonzales*. (Respondent's Response at 4-5). The Fifth Circuit dismissed Petitioner's direct appeal on October 25, 2007, in a *per curiam* opinion in which the court concluded, upon its own independent review of the relevant materials, that there was no non-frivolous issue for appeal, even though *Gonzales* had been decided more than seven months earlier.

Further, as distinguished from the facts recited in *Gonzales*, 484 F.3d at 714-15 (where the jury was charged that the offense could be established upon proof that an <u>offer to sell</u> was made), the PSR in the present case relates that the information in the Texas delivery case reflected Petitioner had "<u>delivered</u>" drugs to an individual, and that he subsequently had pled guilty to the information. *See also Price*, 516 F.3d 285, 288 (where, unlike Grave's case, the language of the indictment for the prior delivery conviction "allowed conviction for *offering to sell* a controlled substance," and the written judgment following Price's guilty plea did not specify the manner in which Price had

In this second ground for relief, Petitioner claims that his Texas 1999 delivery conviction was not an "'aggravated felony' or conduct punishable as a felony under [C.S.A.] and/or 4B1.1." (Pet. at 5). In support of this claim, he cites the Supreme Court's opinion in *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625 (2006). The *Lopez* decision is inapposite. Rather than addressing the application of the Sentencing Guidelines, the case dealt with the definition of "aggravated felony" under the Immigration and Nationality Act (8 U.S.C. § 1227(a)(2)(A)(iii)). Moreover, as recited in the opinion the resident alien who was the subject of the removal proceeding had been convicted under South Dakota state law of the equivalent of mere possession of cocaine which does not constitute a felony offense under the Controlled Substances Act. Therefore, trial counsel did not render ineffective assistance in failing to raise a frivolous issue at sentencing. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (quoting *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

Likewise Petitioner's assertion that appellate counsel rendered ineffective assistance when he filed an *Anders* brief, instead of urging the above issue in a merits brief, lacks any merit. Petitioner cannot show that counsel could have raised a non-frivolous objection under the

---

delivered the cocaine).
     Although an earlier Fifth Circuit case counseled against reliance, solely on the contents of the PSR, *see United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir.), *cert. denied*, 546 U.S. 919 (2005), there is nothing to suggest that the probation officer did not accurately record the contents of the case file in Petitioner's prior delivery conviction.
     Thus, whether a timely made objection would have resulted in a remand for resentencing is a matter of sheer speculation and is at best quite problematic.

Controlled Substances Act warranting a merits brief on direct appeal.[5]

In his third ground, Petitioner complains of his attorney's efforts to challenge the firearm enhancement. USSG § 2D1.1(b)(1) provides for a two-point enhancement in the offense level "[i]f a dangerous weapon (including a firearm) was possessed . . . ." Contrary to Petitioner's assertion, counsel objected to the PSR and at sentencing that there was no evidence establishing that the gun was operational or loaded, that it was possessed by Petitioner or maintained near the cocaine, or that it was used in furtherance of a drug trafficking crime. (Addendum to PSR at 1, and Sentencing Tr. at 39-40). The sentencing court, however, overruled counsel's objections as moot because Petitioner was a career offender and as such the weapon enhancement had no bearing on the guideline sentence. (Sentencing Tr. at 41-42). In light of the above, the court concludes that counsel's conduct was not deficient at sentencing.

Similarly appellate counsel did not render ineffective assistance when he filed an *Anders* brief, instead of challenging the weapon enhancement in a merits brief. Since counsel had no basis, pre *Gonzales*, to challenge the career offender enhancement, any challenge to the weapon enhancement would have had no bearing on the outcome of the direct appeal.[6]

---

[5] The court notes that the *Lopez* decision was issued on December 5, 2006, long *after* the February 2006 sentencing, and the filing of the September 2006 *Anders* brief.

[6] Even assuming Petitioner was not a career offender, his third ground would fare no better. Under § 2D1.1(b)(1) the government must demonstrate by a preponderance of the evidence that "the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Hooten,* 942 F.2d 878, 882 (5th Cir. 1991). To satisfy this burden, "the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *Id.* "It is not necessary for possession of the weapon to play an integral role in the offense or to be sufficiently connected with the crime to warrant prosecution as an independent firearm offense." *United States v. Villarreal,* 920 F.2d 1218, 1221 (5th Cir. 1991); *United States v. Rodriguez,* 62 F.3d 723, 724-25 (5th Cir.1995) (stating that the weapon need not be brandished or loaded).

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

It is further recommended that Petitioner's motion for leave to conduct discovery be DENIED as moot.

A copy of this recommendation will be transmitted to Petitioner and counsel for the Government.

Signed this 17th day of February, 2009.

*/s/ Wm. F. Sanderson, Jr.*

---
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

---

"Application Note 3 to § 2D1.1 explains that the enhancement for possession of a weapon should be applied if the weapon was present [at the time of the transaction], unless it is clearly improbable that the weapon was connected with the offense." *United States v. Mitchell,* 31 F.3d 271, 277 (5th Cir. 1994) (internal quotations omitted). The dispositive factor is whether the weapon was accessible to protect the drugs, the cash, or the participants themselves during the commission of the illegal activity. *Rodriguez,* 62 F.3d at 724-25.

Graves' assertion that the government failed to show a temporal and spatial relation between the drug activity, and himself, is patently frivolous. The PSR stated that on March 30, 2005, a confidential source (CS) engaged in a drug transaction with Petitioner inside his primary residence. (PSR. at ¶ 22). "As the CS was leaving the residence, he/she observed a pump-action shotgun leaning against the wall next to the front door." (*Id.*). The above information would have provided sufficient temporal and spatial relation between the gun observed in Petitioner's home and the drugs to support a weapon enhancement.

8

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.