IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KIM JOE GRAVES, #33646-177**, | § | |
| | § | |
| Movant, | § | |
| v. | § | Civil Action No. **3:08-CV-1290-L** |
| | § | (3:05-CR-082-L) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the court is the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255) and Motion for Leave to Conduct Discovery [ ] Pursuant to 28 U.S.C. § 2255 Rules, Rule (6)(b), each filed July 28, 2008. Pursuant to Special Order 3-251, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. On February 17, 2009, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objection to the Report have been filed.

Movant contends that his counsel rendered ineffective assistance at sentencing and on direct appeal. According to Movant, counsel rendered ineffective assistance by failing to do the following: (i) argue at sentencing that his 1999 delivery conviction was not a "controlled substance offense" for purposes of determining whether the career offender enhancement applied, (ii) argue at sentencing that his 1999 delivery conviction was not an "aggravated felony" for purposes of determining whether the career offender enhancement applied, (iii) challenge the firearm enhancement, and (iv) raise these issues on appeal in a merits brief.

Order – Page 1

The magistrate judge found that trial and appellate counsel did not render ineffective assistance for three reasons. First, the Unites States Court of Appeals for the Fifth Circuit decided *United States v. Gonzales*, 484 F.3d 712 (5th Cir.), cert. denied, __ U.S. __, 127 S. Ct 3031 (2007), more than a year after Movant was sentenced. Therefore, counsel could not rely on *Gonzales* in forming arguments at sentencing or on appeal to argue that argue Movant's 1999 delivery conviction was not a "controlled substance offense" for purposes of determining whether the career offender enhancement applied. Second, Movant's reliance on *Lopez v. Gonzales*, 549 U.S. 47 (2006), is misplaced because that case is factually and legally distinguishable from Movant's case and is not a basis to argue that Movant's 1999 delivery conviction was not an "aggravated felony" for purposes of determining whether the career offender enhancement applied. Third, counsel challenged the firearm enhancement at sentencing, but the court overruled the objection as moot because Movant was a career offender and the firearm enhancement had no bearing on the guidelines calculations. Because there was no basis for counsel to challenge the career offender enhancement at the time of sentencing, the firearm enhancement would have had no bearing on direct appeal.

Having reviewed the motion, record, Report, and applicable law, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. Accordingly, the court **denies** the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255). The court **denies as moot** the Motion for Leave to Conduct Discovery [ ] Pursuant to 28 U.S.C. § 2255 Rules, Rule (6)(b).

**It is so ordered** this 9th day of March, 2009.

                                                Sam A. Lindsay
                                                United States District Judge